# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**CARLOS SOTO,**

        **Plaintiff,**        **CIVIL ACTION NO. 07-CV-11929-DT**

  VS.                      **DISTRICT JUDGE GEORGE CARAM STEEH**

**THOMAS BIRKETT,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
        **Defendants.**

                            /

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** Plaintiff's IFP status should be revoked, and this action should be **DISMISSED WITHOUT PREJUDICE** to Plaintiff refiling the action and submitting the filing fee, pursuant to 28 U.S.C. § 1915(g).

**II.**    **REPORT:**

    *A.*    *Facts and Procedural History*

This matter comes before the Court on Plaintiff's Motion for Emergency Injunctive Relief filed on June 19, 2007. (Docket no. 7). That motion has been referred to the undersigned for consideration, as well as all pretrial matters. (Docket no. 8). Defendants did not file a response. Plaintiff is proceeding *in forma pauperis* in this action. (Docket no. 3). In considering Plaintiff's motion, this Court became aware that Plaintiff may be barred from proceeding IFP because he has on 3 or more prior occasions while incarcerated brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Those prior cases or appeals are: (1) *Soto v. Kimsel*, No. 2:05-CV-147 (W.D. Mich.

Aug. 16, 2005); (2) *Soto v. Kimsel*, No. 05-2231 (6th Cir. Mar. 24, 2006); (3) *Soto v. Alto*, No. 2:05-CV-146 (W.D. Mich. July 12, 2005); and (4) *Soto v. Alto*, No. 05-2107 (6th Cir. Feb. 6, 2006).

Plaintiff must show that he is under "imminent danger of serious physical injury" in order to proceed in this action with IFP status if he has had 3 or more prior "strikes." 28 U.S.C. § 1915(g). Accordingly, the Court ordered Plaintiff to show cause why this action should not be dismissed without prejudice to his refiling it and paying the filing fee. (Docket no. 15). Plaintiff responded to this Order. (Docket no. 16). This Court must therefore determine whether Plaintiff has 3 or more prior strikes and, if so, whether he has shown that he is under imminent danger of serious physical injury.

B. *Governing Law*

Section 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

C. *Previous Dismissals*

Plaintiff points out that the four listed cases above are two district court cases and his two appeals of those cases in the Sixth Circuit. He argues that although the two district court cases may qualify as strikes, the Sixth Circuit actions on appeal may not count as strikes because the circuit court did not dismiss the appeals for being frivolous, malicious, or for failing to state a claim upon which relief may be granted. (Docket no. 16).

In both of the district court cases cited above, *Kimsel* and *Alto*, the district court stated in its Judgment that this "is a dismissal as described by 28 U.S.C. § 1915(g)." Therefore, because Plaintiff was a prisoner at the time, there is no question that Plaintiff has at least 2 strikes. In the *Kimsel* appeal, the

2

Sixth Circuit stated that the district court dismissed the complaint because Plaintiff failed to state an Eighth Amendment claim. The court found that the district court "properly dismissed the complaint in this case" because Plaintiff "failed to establish an Eighth Amendment violation." *Soto v. Kimsel*, No. 05-2231, slip op. at 2. The court then affirmed the district court's judgment. Similarly, in Plaintiff's appeal in the *Alto* case, the circuit court found that the district court dismissed the action because Plaintiff had failed to state a claim upon which relief may be granted. The circuit court found that the district court "properly concluded that Soto's Eighth Amendment claims against Alto for mental and emotional distress lacked merit" and affirmed the district court's judgment. *Soto v. Alto*, No. 05-2107, slip op. at 2-3. Plaintiff was a prisoner at the time of both of these appeals.

A district court's dismissal of an action under section 1915(g) and a circuit court's subsequent affirming of that dismissal count as two strikes under section 1915(g) as long as the circuit court's order or opinion shows that the court found the underlying action or appeal was frivolous, malicious, or failed to state a claim for relief. *See Newlin v. Helman*, 123 F.3d 429, 433 (7th Cir. 1997) (plaintiff suffered a strike because the district court dismissed his action for failure to state a claim and suffered a second strike because his appeal of that dismissal was frivolous)[1]; *Boles v. Matthews*, 173 F.3d 854 (6th Cir. Mar. 15, 1999) (unpublished) (finding that earlier circuit court dismissals of appeals for want of prosecution for failure to pay filing fee were not strikes but district court's alternative finding that complaint failed to state a claim was correct, constituting a second strike, and that the circuit court's affirming of that conclusion constitutes a third strike). The critical question is therefore whether the circuit court on appeal considered the nature of the action and found that the complaint was frivolous, malicious, or

---

[1] *Newlin* has been overruled on two other parts of its holding but remains good law for this point. *See Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

failed to state a claim for relief, and not whether the circuit court labeled its action as a dismissal or affirmance.

The previous summary of the circuit court's orders in Plaintiff's appeals in *Kimsel* and *Alto* shows that the circuit court found in both cases that Plaintiff had failed to state a claim upon which relief may be granted. Therefore, these two appeals count as strikes against Plaintiff. He has therefore had on 3 or more occasions while incarcerated had an action or appeal dismissed on qualifying grounds under section 1915(g). He must show that he is under imminent danger of serious physical injury before he may proceed IFP in this action.

        D.      *Imminent Danger of Serious Physical Injury*

Plaintiff argues that he is under imminent danger of serious physical injury based on his Complaint because he could easily slip and fall while trying to maneuver himself inside the shower at the prison. He is wheelchair-bound and contends that the size of the shower is not sufficient to accommodate his wheelchair and allow him to bathe himself while restrained in handcuffs. (Docket no. 16). Second, Plaintiff contends that he has made the requisite showing because, by not being able to bathe properly, he is subject to an aggravated risk of contracting Methicillin-Resistant Staphylococcus aureus (MRSA), a drug-resistant, flesh-eating, super bacteria that has supposedly broken out at his prison on half a dozen occasions during 2007. (*Id.*) Plaintiff's Complaint raises equal protection and cruel and unusual punishment claims. (Docket no. 1).

The imminent danger exception to the rule contained in section 1915(g) may be invoked by a prisoner only to seek relief from a danger which is imminent at the time that the complaint is filed. *Wilson v. 52nd District Court*, 2002 WL 1009561 (E.D. Mich. Apr. 25, 2002) (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001)). The prison condition said to present a danger must be real and proximate; past dangers are not sufficient. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). A

review of cases reveals that most findings of imminent danger of serious physical injury involve a prisoner's complaint of the withholding of medications or medical treatment or a prisoner's complaints of being placed repeatedly with inmates who are on his enemy list. *See Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004) (finding of imminent danger of serious physical injury upon allegation that prison officials had withdrawn treatment for HIV and hepatitis and as result prisoner was suffering from severe ongoing complications, was more susceptible to illnesses, and condition would rapidly deteriorate); *Ashley v. Dilworth*, 147 F.3d 715 (8th Cir. 1998) (finding made upon allegation of ongoing danger when officials repeatedly placed prisoner near inmates on enemy list and prisoner alleged he had suffered harm twice as result).

Plaintiff's contention that he is under imminent danger of serious physical injury as a result of a heightened risk of contracting the super bacteria due to his not being able to adequately clean himself is not convincing. This alleged danger fails to meet the requirement that the danger be real and proximate. That Plaintiff will contract this bacteria is totally speculative. Unlike the progression of HIV or hepatitis, there is no reasonable probability that Plaintiff will contract this disease or that it will seriously injure him. In addition, even assuming that this bacteria is substantially affected by the hygiene of the victim, Plaintiff does not contend that he is totally unable to clean himself. Accordingly, Plaintiff has failed to show that this bacteria presents an imminent danger of serious physical injury for him.

Plaintiff's other argument is that he is at risk of slipping or falling while trying to maneuver himself in the prison shower and that this situation places him in imminent danger of serious physical injury. This argument assumes that Plaintiff is attempting to bathe himself in the shower. However, he states in his Complaint that he has not had a shower since January 9, 2007. (Docket no. 1 at 8). Therefore, at the time he filed his Complaint in May 2007 this risk of slipping or falling was not

5

imminent. Accordingly, this argument also fails to show that Plaintiff is under imminent danger of serious physical injury.

Because Plaintiff has had 3 or more actions or appeals dismissed while he was a prisoner which qualify under section 1915(g), and because he has failed to establish that he is under imminent danger of serious physical injury, he may not proceed IFP in this action. 28 U.S.C. § 1915(g). This action should therefore be dismissed without prejudice. *See Wilson*, 2002 WL 1009561 (revoking IFP status and dismissing complaint without prejudice to refiling upon payment of filing fee).

### III. **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to

the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 01, 2007                     s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Carlos Soto and Counsel of Record on this date.

Dated: August 01, 2007                     s/ Lisa C. Bartlett
                                           Courtroom Deputy