UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS SOTO,

        Plaintiff,

                                     Case No. 07-CV-11929-DT
vs.                               HON. GEORGE CARAM STEEH

THOMAS BIRKETT, et al.,

        Defendants.

_____/

ORDER REJECTING MAGISTRATE JUDGE'S
AUGUST 1, 2007 REPORT AND RECOMMENDATION (# 17);
CONTINUING PLAINTIFF'S IFP STATUS; AND
REQUIRING DEFENDANTS TO ANSWER MOTION FOR
EMERGENCY INJUNCTIVE RELIEF (#7) AND FILE ANSWERS OR OTHERWISE
DEFEND.

*Pro se* plaintiff Carlos Soto objects to the Magistrate Judge's August 1, 2007 Report and

Recommendation recommending that plaintiff's *in forma pauperis* ("IFP") prisoner civil rights

claim, alleging violations of the Americans with Disabilities Act and the Architectural Barriers

Act at the state correctional facility in Jackson, Michigan, be dismissed. When considering

Soto's June 19, 2007 motion for emergency injunctive relief, the Magistrate Judge concluded that

Soto was barred from continuing IFP due to the "three-strikes" provision of 28 U.S.C. § 1915(g),

which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, *brought an action or*
> *appeal in a court of the United States that was dismissed on the grounds that it*
> *was frivolous, malicious, or fails to state a claim upon which relief may be*
> *granted*, unless the prisoner is under imminent danger of serious physical injury.

(emphasis added).  The Magistrate Judge determined that Soto had previously incurred four strikes: two strikes resulting from two earlier lawsuits that were dismissed by the district court for being frivolous, malicious, or failed to state a claim upon which relief may be granted, and two more strikes when the Sixth Circuit affirmed the two dismissals on appeal.  The Magistrate Judge also found that Soto did not fall within the "imminent danger" exception to the "three-strikes" rule.  Soto objects that the Sixth Circuit decisions affirming the district court's dismissals do not count as strikes under § 1915(g) because the appeals were not actually dismissed.

<u>ANALYSIS</u>

The primary question addressed is whether an appeal, in which the appellate court merely affirms the district court's decision, counts as a strike under 28 U.S.C. § 1915(g).  Statutory construction is a question of law.  In determining Congressional intent, the Court must first resort to the language of the statute.  *F.B.I. v. Abramson*, 456 U.S. 615, 635 (1982).  § 1915(g) states that a prisoner is barred from proceeding IFP if the prisoner has, on three or more prior occasions, "brought an action or appeal in a court . . . that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted."  It is clear from the plain language of the statute that, for an appeal to be counted as a "strike," the appeal must be "dismissed" by the appellate court for being frivolous, malicious, or failure to state a claim.  § 1915(e)(2) allows that, "Notwithstanding any filing fee . . . the court shall *dismiss*, the case at any time if the court determines that . . . the action *or appeal* is frivolous, fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  (emphasis added).  Consistent with this statutory language, the District of Columbia Circuit Court recently held:

[S]ection 1915(e)(2) requires appellate courts to *dismiss* all frivolous appeals. Thus, given section 1915(e)(2)'s mandatory language, a decision to affirm rather than to dismiss implies a judgment that the appeal was not frivolous.

*Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 436 (D.C. Cir. 2007) (emphasis added). Consistent with the plain language of § 1915(e)(2), if a court of appeals does not dismiss an appeal, the appeal was not frivolous, and if the appeal was not frivolous, it does not constitute a strike for purposes of the three-strikes rule.

The Sixth Circuit has not addressed the issue. Like *Thompson*, other courts have held that unless an appeal is actually dismissed for being frivolous, malicious, or for failing to state a claim upon which relief may be granted, the appeal does not count as a strike under § 1915(g). See *Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775 (10th Cir. 1999); *Malek v. Reding*, 195 Fed. Appx. 714 (10th Cir. 2006); *Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997) (reversed on other grounds); *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996); *Freeman v. Lee*, 30 F.Supp.2d 52 (D.D.C. 1998); *Barela v. Variz*, 36 F.Supp.2d 1254 (S.D. Cal. 1999).

Here, the Magistrate Judge relied upon *Boles v. Matthews*, No. 97-5874, 1999 WL 183472 (6th Cir. Mar. 15, 1999) (unpublished) and *Newlin*, 123 F.3d 429 in concluding that an appellate court's affirmance of a district court's dismissal of a frivolous lawsuit is a "strike" for purposes of §1915(g). The unpublished *Boles* decision could be read as declaring that an affirmance is to be counted as a strike. However, the prior dismissals discussed in *Boles* were not § 1915(g) dismissals because they were dismissed for failure to pay a required filing fee, not for being frivolous. *Boles,* 173 F.3d at 854. Additionally, the *Newlin* decision is unhelpful here. The court in *Newlin* held that an affirmance is not the same as a dismissal. *Newlin,* 123 F.3d at 433.

Upon review, Soto's objection has merit. Soto has, in the past, brought two actions that were dismissed as frivolous, and those dismissals were affirmed on appeal. The Court agrees with the Fifth, Seventh, Tenth, and D.C. Circuits in holding that a prior affirmance does not count as a strike. Consistent with these prior decisions and § 1915(g), Soto has incurred only two strikes, and may proceed IFP. The court need not address the imminent danger exception to the three-strikes rule.

<u>CONCLUSION</u>

Soto's objection is hereby SUSTAINED. IT IS ORDERED that Soto's IFP status is continued. The defendants are hereby ORDERED to file answers to Soto's motion for emergency injunctive relief, and to file answers to complaint or otherwise defend this action.

SO ORDERED.

Dated: October 23, 2007

s/George Caram Steeh<br>GEORGE CARAM STEEH<br>UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 23, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---