# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**CARLOS SOTO,**

        **Plaintiff,**        **CIVIL ACTION NO. 07-CV-11929-DT**

  vs.

                            **DISTRICT JUDGE GEORGE CARAM STEEH**

**THOMAS BIRKETT,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** This Court recommends that Plaintiff's Motion for Emergency Injunctive Relief filed on June 19, 2007 (docket no. 7) be **DENIED**.

**II.**     **REPORT:**

    *A.*     *Facts and Procedural History*

Plaintiff is a Michigan prisoner who alleges that since he was placed in administrative segregation on January 9, 2007 his needs are not being met by prison officials, in particular his need for a properly equipped and handicap-accessible shower facility. (Docket no. 7). He seeks an order requiring the Michigan Department of Corrections (MDOC) to transfer him to a facility that can properly meet his needs for access to a shower while on segregation status. (*Id.*).

Plaintiff filed his Motion for Emergency Injunctive Relief on June 19, 2007. (Docket no. 7). Defendants have responded to this Motion. (Docket no. 21). Plaintiff has filed a Reply brief. (Docket nos. 22, 23). Pretrial matters have been referred to the undersigned. (Docket no. 8). This Court dispenses with oral argument, and this Motion is now ready for ruling.

Plaintiff claims that he is "being put at risk of life and limb by being forced to maneuver his body from his wheelchair to the temporary shower chair, all while restrained in handcuffs." (Docket no. 7 at 4). Plaintiff further states that he "has chosen not to shower at all considering the danger he would be putting himself in and the likely injury that would result from the attempt." (*Id.*). Plaintiff contends that he will succeed on the merits of this action, and that he is being injured by the denial of safe showers and that such injury cannot be "repaired barring the advent of time travel." (*Id.* at 6). Plaintiff also argues that the issuance of an injunction would not cause harm to others and that it is in the public interest to protect his civil rights by issuing the injunction. (*Id.*).

Defendants have responded to Plaintiff's Motion with several affidavits and attachments in support. (Docket no. 21). They contend that Plaintiff has not shown a substantial likelihood of success on the merits of his claims. They also argue that the other relevant factors weigh in favor of denying Plaintiff's Motion. (*Id.*).

B. *Governing Law*

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In deciding motions for a preliminary injunction, the Court considers whether: (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant would suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (4) the public interest would be served by issuance of the injunction. (*Id.*).

C. *Analysis*

Plaintiff's Complaint alleges that his Eighth Amendment rights are being violated by Defendants. (Docket no. 1 at 8). He alleges that he is being subjected to cruel and unusual punishment.

(*Id.*). The Eighth Amendment protects prisoners from the denial of the basic elements of hygiene. *Parrish v. Johnson*, 800 F.2d 600, 609 (6th Cir. 1986). After considering Defendants' showing and Plaintiff's response, Plaintiff has failed to show a substantial likelihood of succeeding on the merits of his claim. Defendants submitted photographs depicting the handicapped shower facility available to Plaintiff. (Docket no. 21, ex. B, attachments). The evidence shows that Defendants are offering Plaintiff reasonable access to this handicapped shower. Therefore, Plaintiff has failed to carry his burden on the first element of the test. Plaintiff has also failed to show that he will suffer irreparable injury without the requested injunction. Plaintiff seeks through an injunction his transfer to a different prison facility. (Docket no. 7). Such an interference with the operation of the state's prison facilities on the facts of this case would cause substantial harm to others. *See Kendrick v. Bland*, 740 F.2d 432, 438 & n.3 (6th Cir. 1984) (courts ill-equipped to deal with problems of prison administration and reform). Finally, the public interest would not be served by granting Plaintiff's request for an injunction. Plaintiff's Motion should therefore be denied.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 17, 2007                s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Carlos Soto and Counsel of Record on this date.

Dated: December 17, 2007                s/ Lisa C. Bartlett
Courtroom Deputy