UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS SOTO,

        Plaintiff,

                                        Case No. 07-CV-11929
vs.                                    HON. GEORGE CARAM STEEH

THOMAS BIRKETT, et al.,

        Defendants.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION (# 25) AND DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION (# 7)

Plaintiff Carlos Soto, a Michigan state prisoner appearing pro per, filed a motion for emergency injunctive relief on June 13, 2007 seeking a court order requiring the Michigan Department of Corrections to transfer him from the Standish Maximum Correctional Facility (SCF) to another correctional facility to accommodate his needs as a disabled prisoner. Soto alleges that he is wheelchair bound as a result of polio and previous gunshot wounds. Soto alleges that he has been classified to administrative segregation by the SCF Security Classification Committee, and that the shower, handbar, and showerchair available in segregation do not accommodate his disability, particularly when considering he is not provided an attendant and must remain in full restraints. Soto also alleges the shower stalls are not large enough to accommodate his wheelchair. Soto summarizes by alleging that he "cannot use the handicap accessories while handcuffed and thus has been denied a shower since January 2007." June 19, 2007 Motion, at 3.

Soto's motion for preliminary injunctive relief was referred to Magistrate Judge Mona Majzoub. Magistrate Judge Majzoub issued a December 17, 2007 Report and

Recommendation recommending that Soto's motion be denied, finding that Soto has failed to demonstrate a substantial likelihood of succeeding on his Eighth Amendment claim of cruel and unusual punishment considering the record evidence which includes photographs of the shower area. Magistrate Majzoub also finds that Soto has not shown that he will suffer irreparable harm if he is not transferred to another prison facility, that others will not be substantially harmed, or that the public interest would be served by transferring him out of SCF.

Soto filed objections to the Report and Recommendation on January 2, 2008. Soto objects that the Magistrate Judge failed to consider that he remains fully restrained during showers. Soto objects that the shower stall photographs support his contention of a failure to accommodate his disability in that: (1) Soto is not permitted to take his wheelchair into the shower stall; (2) there are no handbars outside the shower; and (3) the stall will not accommodate both his wheelchair and the shower chair. Soto also objects that the Magistrate Judge failed to give his pleadings proper deference, as the pleadings of a pro se litigant. Soto further argues that the Magistrate Judge's findings are conclusionary.

"A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C). See also E.D. Mich. LR 72.1(d)(2). Issues raised on objection in a perfunctory manner are deemed waived. McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

Whether to issue a preliminary injunction lies within the district court's discretion. COX Transp., Inc. v. Tennessee State Bd. of Equalization, 964 F.2d 548, 552 (6th Cir. 1992). In that a preliminary injunction is an extraordinary remedy, the movant has the burden of proving that the circumstances clearly demand preliminary injunctive relief.

Overstreet v. Lexington-Fayette Urban County Govt., 305 F.3d 566, 573 (6th Cir. 2002). Factors to be considered are: (1) whether the movant has a strong or substantial likelihood of succeeding on the merits of his claims; (2) whether the movant would suffer irreparable harm if preliminary injunctive relief is not granted; (3) whether the preliminary injunction would cause harm to others; and (4) whether the preliminary injunction would serve the public interest. Performance Unlimited v. Questar Publishers, Inc., 52 F.3d 1373, 1381 (6th Cir. 1995); United of Omaha Life Ins. Co. v. Solomon, 960 F.2d 31, 35 (6th Cir. 1992).

Soto has failed to meet his burden of proffering evidence to support a finding that there is a strong likelihood that he will succeed in proving his Eighth Amendment claim. While deliberate indifference to the need for hygienic care may support an actionable Eighth Amendment claim of cruel and unusual punishment, Parrish v. Johnson, 800 F.2d 600, 609 (6th Cir. 1986), Soto has failed to rebut the evidence proffered by defendants Warden Birkett, Administrative Officer Sciotti, Assistant Deputy Warden Walker, and King that it is Soto's own assaultive behavior, refusal to shower, and stubborn unwillingness to accept reasonable accommodations short of a prison transfer that prevent him from showering regularly. Soto does not dispute with evidence that he was placed on the highest restrictive level of custody, segregation, due to assaultive behavior that included throwing human waste at prison guards and masturbating in their presence. See Walker October 31, 2007 Affidavit, ¶ 9, at 3-4, Affidavit Attachments 7-10. Prison guards may apply force "in a good-faith effort to maintain or restore discipline" without offending the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 7 (1992). Considering Soto's aggressive behavior as documented in the record, it is unlikely that reasonable jurors would conclude that it is cruel and unusual punishment to require Soto to remain shackled during showers.

The record shows that prison officials have not denied Soto access to showers, but

have attempted to accommodate his special needs while maintaining prison security. Soto is given access to handicap accessible showers. Soto does not deny this, but instead insists that the practice of keeping him in restraints precludes any possible reasonable accommodation other than a transfer out of SCF. Injunctions must be narrowly tailored to address specific legal violations. Peregirne Myanmar, Ltd. v. Segal, 89 F.3d 41, 50 (2d. Cir. 1996). As recognized by the Magistrate Judge, federal court's must exercise restraint when intruding into the administration of state penal institutions, and owe a duty "to impose the least intrusive remedy available." Kendrick v. Bland, 740 F.2d 432, 438 (6thCir. 1984). Soto's request is not narrowly tailored, but instead seeks the most intrusive remedy into the administration of Michigan's penal system, a court-ordered transfer to another prison facility.

Soto's allegation that he has not had a shower since January 2007 is not supported by the record. See Walker October 31, 2007 Affidavit, ¶ 10, at 4, Affidavit Attachments 6. Soto has not met his evidentiary burden of demonstrating that the circumstances of his incarceration and reasonable gestures of accommodation offered by prison staff (including assistance available from prison guards), as reflected in the record, clearly demand his transfer out of SCF. Overstreet, 305 F.3d at 573. The court has reviewed the record evidence, including the photographs of the shower stall as attached to the October 31, 2007 affidavit of Assistant Deputy Warden Walker. In light of unrebutted evidence proffered by the defendants, including evidence of reasonable accommodations offered to and refused by Soto, and evidence of legitimate security concerns requiring Soto to remain shackled during showers, the court finds Soto is unlikely to succeed on his Eighth Amendment claim of cruel and unusual punishment, and will not suffer irreparable harm if the court does not order him transferred out of SCF. Performance Unlimited, 52 F.3d at 1381; Solomon, 960 F.2d at 35.

Soto's objection that the Magistrate Judge failed to give his pro se pleadings proper deference misses the point that it is Soto's burden to demonstrate with admissible evidence that circumstances clearly demand that he be transferred him out of SCF to avoid irreparable harm. Overstreet, 305 F.3d at 573. The Magistrate Judge was not required to accept as true unsupported factual allegations simply because Soto is a pro se litigant. The Magistrate Judge did not err when considering that court interference with the operation of prison facilities may cause substantial harm to others. Kendrick, 740 F.2d at 438, 438 n.3. Other than perfunctory objection, Soto has not met his burden of demonstrating that transferring him to another prison facility would not cause harm to others and would serve the public interest. McPherson, 125 F.3d at 995-96; Overstreet, 305 F.3d at 573; Performance Unlimited, 52 F.3d at 1381; Solomon, 960 F.2d at 35. Soto's objection that the Magistrate Judge's findings are conclusionary are not well taken.

On de novo review, the court concludes that Soto has not met his burden of demonstrating he is entitled to the requested injunctive relief of a court-ordered transfer out of SCF. COX Transp., Inc., 964 F.2d at 552; Overstreet, 305 F.3d at 573. Consistent with the analysis herein,

The court hereby ACCEPTS the December 17, 2007 Report and Recommendation. Soto's motion for a preliminary injunction is hereby DENIED.

SO ORDERED.

Dated: February 19, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 19, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk