**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CARLOS SOTO,

        Plaintiff,            CIVIL ACTION NO. 07-CV-11929-DT

   vs.

                                      DISTRICT JUDGE GEORGE CARAM STEEH

THOMAS BIRKETT,        MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** This Court recommends that Defendants' Motion for Summary Judgment filed on December 6, 2007 (docket no. 24) be **GRANTED** as to all claims **EXCEPT** that Defendants in their individual capacities violated Plaintiff's Eighth Amendment rights.

**II.**    **REPORT:**

    *A.*    *Facts and Procedural History*

Plaintiff is a Michigan state prisoner who brought this action pursuant to 42 U.S.C. § 1983 alleging that Defendants are violating his rights by denying him the opportunity to take a shower since January 9, 2007. (Docket no. 1 at 9). Plaintiff is a handicapped prisoner confined to a wheelchair. He is also on segregation status and must be in restraints when outside his cell. He claims that he is being denied a shower because when in restraints he cannot use the hand bars to transfer from his wheelchair to the shower chair in the prison handicap shower. (*Id*.). Plaintiff alleges that his equal protection rights and Eighth Amendment rights are being violated. In his Complaint Plaintiff also mentions the Americans with Disabilities Act and the Architectural Barriers

Act, but there are no specific claims related to these laws. Plaintiff seeks as relief damages, a transfer to another prison, and an injunction. (*Id*. at 11).

Plaintiff earlier filed a Motion for Emergency Injunctive Relief, but the district court denied that motion. (Docket nos. 7, 29). Plaintiff has filed an appeal of the denial of injunctive relief. (Docket no. 30). This appeal is pending now. Defendants are prison officials who filed this Motion for Summary Judgment on December 6, 2007. (Docket no. 24). Plaintiff filed a Response on December 21, 2007. (Docket no. 26). All pretrial matters have been referred to the undersigned for decision. (Docket no. 8). Defendants' Motion for Summary Judgment is now ready for ruling.

*B.     Governing Law*

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

*C.    Analysis*

This Court may consider Defendants' Motion for Summary Judgment while Plaintiff's appeal on the denial of injunctive relief is pending. *See Satcom Int'l Group PLC v. Orbcomm Int'l Partners,* 49 F. Supp. 2d 331, 336 (S.D.N.Y. 1999) (district court retains jurisdiction where appeal is from order granting or denying a preliminary injunction); *Collin Co., Texas v. Siemens Business Servs., Inc.,* 2006 WL 2290551 (E.D. Tex. Aug. 9, 2006) (district court retains jurisdiction over matters collateral to appeal, such as merits of case when appeal concerns preliminary injunction).

Plaintiff's Complaint alleges that his Eighth Amendment rights are being violated by Defendants. (Docket no. 1 at 8). He alleges that he is being subjected to cruel and unusual punishment. (*Id.*). The Eighth Amendment protects prisoners from the denial of the basic elements of hygiene. *Parrish v. Johnson*, 800 F.2d 600, 609 (6th Cir. 1986). Defendants' position is that Plaintiff is not being denied the opportunity to take showers. They allege that Plaintiff is refusing to take showers in an attempt to manipulate them into transferring him. (Docket no. 24 at 6).

Defendants support their motion by reference to the several affidavits filed in support of their Response to Plaintiff's Motion for Preliminary Injunction. First, Defendant Walker submitted an affidavit. (Docket no. 21 ex. B). He is the Assistant Deputy Warden at Plaintiff's prison. He states the following facts. Unit 4 of the prison is handicap accessible including for inmates on administrative segregation status such as Plaintiff. Its handicap accessibility has met the guidelines of the American Corrections Association and the United States Department of Justice with respect to the Americans with Disabilities Act standards for handicap accessibility. Prisoners on segregation status are required to wear restraints during all out-of-cell movement but are still able to transfer from their wheelchair to the shower chair while using the hand bars in the showers. Once inside the

shower the shower door is secured and the prisoner places his hands out the slot in the door and the restraints are removed by staff. (*Id*. ¶ 4). Defendant has witnessed Plaintiff using both arms. Plaintiff was classified to segregation status in January 2007 for assault and battery on staff. He was originally assigned to the general population unit, but in February 2007 Plaintiff continued to assault and threaten staff. At about this same time Plaintiff began to refuse to use the handicap shower in Unit 4 even though it was available and accessible to him. Plaintiff's bad behavior continued and escalated to include throwing feces on guards. As a result, Plaintiff was transferred to an administrative segregation unit on April 6, 2007. (*Id*. ¶ 9).

Defendant Walker continues in his affidavit to state that Plaintiff is given an opportunity to shower 3 times a week. Plaintiff refused many showers but according to prison records has showered 16 times since he has been in segregation status. While housed in Unit 2, the administrative segregation unit, he is wheeled to Unit 4 for showers in that unit. During these showers, Plaintiff made no complaints to staff nor was he unable to transfer and complete his shower. (*Id*. ¶ 10). Plaintiff agreed twice to go over to the Unit 4 shower only to say that he was unable to transfer to the shower chair once there and refused to try. Staff attempted to get him to try different techniques, but he continued to refuse. (*Id*. ¶ 11). Attached to Defendant Walker's affidavit are MDOC records showing the misconduct reports of Plaintiff and records showing that he has taken some showers while on administrative segregation. There is also a photograph attached to the affidavit showing the handicap-accessible shower with shower chair.

In addition, Defendants refer to the affidavit of Defendant Sciotti who was the Acting Deputy Warden of the prison housing Plaintiff during the relevant time period. (Docket no. 21 ex. A). Defendant Sciotti states the following. Plaintiff as recently as March 2007 received misconduct

charges for assaulting staff. Arrangements were made to allow Plaintiff to shower in Unit 4 while he was housed in Unit 2, but Plaintiff refused to go to Unit 4 because he said he could not use his hands to move from his wheelchair to the handicap shower chair. Staff has attempted to use belly chains with Plaintiff and staff assistance so that Plaintiff can use his arms and hands, but Plaintiff refuses to cooperate. (*Id*. ¶ 6). Finally, Plaintiff is able to keep his cell neat and clean with no odor or housekeeping issues noted by staff.

Plaintiff contends in his Response brief that the restraints placed on him make it impossible for him to transfer to the shower chair. (Docket no. 26 at 8). He states that he has not showered since he has been restrained when going to the shower. (*Id*.). Plaintiff's Response is not submitted under penalty of perjury, however these statements were submitted under penalty of perjury in an earlier Reply. (Docket number 22). Plaintiff's Complaint was also submitted under penalty of perjury. (Docket no. 1). In his Complaint Plaintiff states that he is not able to move himself from his wheelchair to the shower chair while in restraints. (*Id*. at 9). He further states that he has not taken a shower since January 9, 2007. (*Id*. at 8). Based on these sworn statements which contradict Defendants' showing, Plaintiff has created a genuine issue of material fact on the issue of whether he has showered since being required to be in restraints when outside his cell. Also, Plaintiff has created a genuine issue of material fact on whether he can successfully transfer to the shower chair from his wheelchair while restrained.

Defendants argue that prison officials have attempted to arrange alternative methods of transfer, such as with belly chains, but that Plaintiff has refused such efforts. (Docket no. 24 at 8). Plaintiff states in his sworn statements that he cannot transfer with "restraints." Belly chains would qualify as a type of restraint. Moreover, Defendants have not alleged specifically that Plaintiff's

freedom of movement with belly chains is so much greater than with handcuffs that he could use the hand bars in the shower stall to transfer. The extent of assistance in transferring given by the two unit officers allegedly assigned to assist Plaintiff is not clear. Defendants have not alleged that the officers would themselves transfer Plaintiff without Plaintiff's help. Therefore, the Court cannot conclude that Defendants' evidence of alternative methods of transferring negates Plaintiff's allegations.

Plaintiff's submissions, such as copies of his grievances, also make clear that Defendants were aware of Plaintiff's allegations of being unable to shower. (Docket no. 1, attachments). If Plaintiff's version of the facts is believed, a jury could determine that Defendants violated Plaintiff's Eighth Amendment rights by denying him access to a shower for at least 11 months. *See Parrish v. Johnson*, 800 F.2d at 609; *Davenport v. DeRobertis*, 844 F.2d 1310, 1316-17 (7th Cir. 1988) (one shower a week is constitutionally sufficient); *Caudle v. Steel*, 2007 WL 2884372 (D. Idaho Sept. 27, 2007) (Eighth Amendment violation may arise from deprivation of minimal civilized measure of life's necessities; long-term deprivation of hot water for showers may be Eighth Amendment violation); *Baptisto v. Ryan*, 2005 WL 2416356 (D. Ariz. Sept. 30, 2005) (Eighth Amendment extends to prisoner's basic sanitation including right to shower; extreme limitations on number of showers may result in Eighth Amendment violation). Plaintiff has not shown that his equal protection rights have been violated. He also has not shown any violation of any other federal statute.

As for immunity, Defendants are sued in their official and individual capacities. (Docket no. 1). State employees sued in their official capacities are considered to be the same entity as the state. Eleventh Amendment immunity therefore shields Defendants from damages liability in that capacity.

*See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). However, in their individual capacities, Defendants are not entitled to qualified immunity because a reasonable person would have known based on the law cited above that denial of a shower to an inmate for the extended period of time alleged by Plaintiff would violate his Eighth Amendment rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Therefore, only Plaintiff's Eighth Amendment claim against Defendants in their individual capacities of denial of access to shower facilities should proceed.

### III. **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: May 14, 2008                         s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Carlos Soto and Counsel of Record on this date.

Dated: May 14, 2008                         s/ Lisa C. Bartlett
                                            Courtroom Deputy